# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM SWEET, KOSTANTINOS FOTOPOULOS, AND GLEN ROGERS,

    Plaintiffs,

v.

THE HONORABLE CARLOS G. MUÑIZ,

    Defendant.

Case No. 3:22-cv-574-TJC-LLL

## ORDER

This § 1983 procedural due process action is before the Court on Defendant Chief Justice Carlos G. Muñiz's Motion to Dismiss Plaintiffs' Amended Verified Complaint. (Doc. 23). Plaintiffs William Sweet, Kostantinos Fotopoulos, and Glen Rogers jointly responded in opposition to the Motion. (Doc. 26).

**I.    BACKGROUND[1]**

Plaintiffs are three death-row inmates in the custody of the Florida Department of Corrections. (Doc. 19 ¶¶ 5–7). Plaintiffs are proceeding on a counseled Amended Complaint under 42 U.S.C. § 1983 against Chief Justice

---

[1] These facts, assumed as true, are taken from the Amended Complaint. (Doc. 19).

Carlos G. Muñiz in his official capacity as the Chief Justice of the Florida Supreme Court. Id. ¶ 5(g). Plaintiffs' allegations stem from their dissatisfaction with their representation by Capital Collateral Regional Counsel (CCRC) in their post-conviction proceedings and their inability under Florida law to file pro se claims regarding the effectiveness of CCRC. Id. ¶¶ 5(h), 6(h), 7(h).

Representation by CCRC is governed by Chapter 27 of the Florida Statutes. Id. ¶¶ 5(a), 6(a), 7(a). Plaintiffs allege that § 27.711(12), Florida Statutes, gives them "the assurance of 'quality representation' and monitoring of such performance." Id. ¶¶ 5(j), 6(j), 7(j). Based on this entitlement to "quality representation," Plaintiffs allege that the Florida Supreme Court has violated Plaintiffs' procedural due process rights by failing to "adopt a state-wide definition of 'quality representation,'" failing to adopt "a mechanism for enforcement" to ensure "quality representation," failing to provide "representation by counsel to address the failure of 'quality representation,'" barring Plaintiffs' claims as "'ineffective assistance' of CCRC" claims, and barring Plaintiffs from "raising any of these issues pro se." See generally id.

Plaintiffs seek a declaratory judgment that § 27.711(12), Florida Statutes, "has created a liberty interest in procedural due process rights requiring the Florida Supreme Court to define what constitutes 'quality representation' by CCRC," a declaratory judgment that the Florida Supreme Court must establish procedures to evaluate the performance of CCRC,

2

injunctive relief that would require the Florida Supreme Court to permit pro se death-row inmates to file claims under § 27.711(12), nominal damages, and a writ of mandamus compelling the Florida Supreme Court to "establish a definition of 'quality representation' as required by the Florida legislature and to establish such rules of procedure to give meaningful effect to the legislative mandate." Id. ¶ 9.

Chief Justice Muñiz argues that the Court should dismiss Plaintiffs' claims because Plaintiffs lack standing to sue, their claims are barred by state sovereign immunity, they fail to state a claim for injunctive or declaratory relief, and federal courts do not have jurisdiction to issue writs of mandamus compelling the Florida Supreme Court to perform a duty. See Doc. 23.

## II. LEGAL STANDARD

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) for lack of standing attacks the district court's subject matter jurisdiction. Article III, § 2 of the United States Constitution limits federal jurisdiction to actual cases or controversies. "The plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy Art. III standing requirements." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 976 (11th Cir. 2005) (quotation marks and citations omitted). To satisfy the "'irreducible constitutional minimum' of standing," the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

3

defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 339 (quoting Lujan, 504 U.S. at 560). Additionally, when a plaintiff seeks prospective relief, he must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1357 (11th Cir. 2021) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). "And that future injury must be 'real,' 'immediate,' and 'definite.'" Id. (quoting Malowney, 193 F.3d at 1347).

### III. DISCUSSION

Plaintiffs fail to establish an injury in fact because they have not alleged an invasion of a legally protected interest. See Spokeo, 578 U.S. at 339. Plaintiffs allege that their legally protected interest arises from § 27.711(12), Florida Statutes. See generally Doc. 19. The statute provides:

> The court shall monitor the performance of assigned counsel to ensure that the capital defendant is receiving quality representation. The court shall also receive and evaluate allegations that are made regarding the performance of assigned counsel. The Justice Administrative Commission, the Department of Legal Affairs, or any interested person may advise the court of any circumstance that could affect the quality of representation,

4

> including, but not limited to, false or fraudulent billing, misconduct, failure to meet continuing legal education requirements, solicitation to receive compensation from the capital defendant, or failure to file appropriate motions in a timely manner.

FLA. STAT. § 27.711(12). Section 27.7002(1), Florida Statues, provides that Chapter 27 of the Florida Statutes "does not create any right on behalf of any person, provided counsel pursuant to any provision of this chapter, to challenge in any form or manner the adequacy of the collateral representation provided." FLA. STAT. § 27.7002(1). Nevertheless, Plaintiffs argue that "[w]hen state law mandates that a government body ensure a defendant is receiving quality representation, a liberty interest in receiving quality representation is created warranting protection under the Due Process Clause of the Fourteenth Amendment." (Doc. 26 at 5).

However, the Supreme Court of the United States has refused to extend a constitutional right to counsel to prisoners, including death-sentenced prisoners, mounting collateral attacks upon their convictions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Murray v. Giarratano, 492 U.S. 1, 7–10 (1989) (plurality opinion). The Eleventh Circuit has held the same: "this court has consistently held that there is no federal constitutional right to counsel in post[-]conviction proceedings." Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006). It follows that without a constitutional right to post-conviction counsel, there is no constitutional right to effective assistance of post-conviction counsel.

5

See Coleman v. Thomas, 501 U.S. 722, 752 (1991) (citing Wainwright v. Torna, 455 U.S. 586 (1982)); see also Evitts v. Lucey, 469 U.S. 387, 396 n.7 (1985). The Supreme Court has also held that when states choose to offer assistance to prisoners seeking post-conviction review, as Florida has, the states "have substantial discretion to develop and implement" those programs and need not comply with "the full panoply of procedural protections" that the Constitution requires be given to defendants with a constitutional right to counsel. Finley, 481 U.S. at 559.

The Court is not aware of any Eleventh Circuit cases on the narrow issue presented by Plaintiffs, but other circuits have considered it.[2] The Eighth Circuit held that "[t]he Supreme Court has. . . left little doubt as to its view that a state's decision to grant a right to counsel in post-conviction proceedings does not give rise to a due process claim if counsel performs deficiently." Simpson v. Norris, 490 F.3d 1029, 1034 (8th Cir. 2007). A district court in the Southern District of Ohio addressed a similar claim:

> [P]etitioner argues that the Ohio legislature, by providing for the appointment of post[-]conviction counsel for death row inmates, Ohio Rev.[]Code § 2953.21(I), created a liberty interest in, or due process right to, the effective assistance of post[-]conviction counsel. The fact of the matter is that petitioner has not cited, and the Court is not aware of, any case holding that this proposition entitles death

---

[2] Cases decided outside the Eleventh Circuit are not binding on this Court, but the Court may consider them as persuasive authority. See, e.g., United States v. Rushin, 844 F.3d 933, 938–39 (11th Cir. 2016).

6

>row inmates as a matter of constitutional law to counsel in post[-]conviction proceedings, or to minimum guarantees of effectiveness once counsel is provided.

Stojetz v. Ishee, 389 F. Supp. 2d 858, 890 (S.D. Ohio 2005). Similarly, this Court declines to find that Florida's statute creates a liberty interest in receiving "quality representation." Accordingly, Plaintiffs have not established an injury in fact.[3] Plaintiffs' Amended Complaint (Doc. 19) is therefore dismissed for lack of standing.[4]

## IV. CONCLUSION

Because the Court finds it does not have jurisdiction over Plaintiffs' claims, it need not address the remainder of Chief Justice Muñiz's arguments. Accordingly, it is hereby

**ORDERED:**

1. Defendant Chief Justice Carlos G. Muñiz's Motion to Dismiss Plaintiffs' Amended Verified Complaint (Doc. 23) is **GRANTED**.

---

[3] Since Plaintiffs have failed to establish an injury in fact, the Court need not continue the standing analysis to consider traceability or redressability.

[4] Even if Plaintiffs did have standing, they fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Because Plaintiffs do not have a constitutionally-protected liberty interest in effective post-conviction counsel, they do not have a § 1983 claim for deprivation of that right.

7

2. The Amended Verified Complaint (Doc. 19) is **DISMISSED without prejudice** based on lack of standing.

3. Plaintiffs' Motion for Summary Judgment (Doc. 31) is **DENIED as moot**.

4. The Clerk of Court shall enter judgment dismissing the case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August 2023.



TIMOTHY J. CORRIGAN
United States District Judge

hkf
copies to:
Counsel of Record